UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM MIZRAHI,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; VERIZON WIRELESS SERVICES, LLC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 2:23-cv-4570-NCM-JAM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL COMPLIANCE
WITH NON-PARTY SUBPOENA AGAINST LANDSTONE EQUITIES, LLC**

Defendant Experian Information Solutions, Inc. ("Experian"), pursuant to Federal Rules of Civil Procedure 45(c)(2) and (d), files this Motion to Compel Compliance with Non-Party Subpoena Against Landstone Equities, LLC ("Respondent"),[1] and in support respectfully states as follows:

**BACKGROUND**

On June 20, 2023, Plaintiff Adam Mizrahi ("Plaintiff") filed a lawsuit against Experian, Equifax Information Services, LLC ("Equifax"), and Verizon Wireless Services, LLC ("Verizon"), in the Eastern District of New York alleging violations of the Fair Credit Report Act, 15 U.S.C. § 1681, *et seq*. *See* ECF No. 1, ¶¶ 52-85 ("Compl."). Among other allegations, Plaintiff claims that he previously maintained a cellular service account with Verizon. *Id.*, ¶¶ 14–16. After

---

[1] Experian has reviewed this Court's rule regarding bundling for civil motions. *See* Individual Practice Rules of Judge Natasha C. Merle, III.B(2). It is Experian's understanding that this rule does not apply to a motion to compel third-party compliance with a subpoena where Experian has been unable to reach the third party despite repeated efforts. As described herein, Experian has reached out to Respondent multiple times, but received no response.

Plaintiff cancelled his Verizon account, Verizon maintained that Plaintiff still owed $178.40 for certain unpaid charges. *Id.*, ¶ 22. Plaintiff disagreed and eventually filed purported dispute letters with Experian and Equifax claiming that the Verizon account was not being reported accurately on his consumer credit disclosures. *Id.*, ¶ 33. In connection with his damages claims, Plaintiff alleges that the inaccurate reporting of the Verizon account was a "substantial factor contributing" to his inability to obtain a "refinanced mortgage from" Cornerstone First Mortgage ("Cornerstone"). *Id.*, ¶¶ 42–45.

Mizrahi produced during litigation the purported Cornerstone denial letter signed by a mortgage loan officer, Carol Franz. ECF No. 38; 38-1. Experian has learned through counsel for Ms. Franz that she did not prepare or sign the purported credit denial letter. ECF No. 39. Experian sought permission to conduct discovery into "the provenance and authenticity of the purported Cornerstone denial letter as the basis for Plaintiff's damages claims against Experian." *Id*. at 1. Judge Gonzalez granted Experian's request and denied Mizrahi's motion seeking to voluntarily dismiss the case because "dismissal would unduly prejudice Experian because ending the action at this juncture would prevent it from taking discovery into potentially sanctionable conduct." *See* Text Order, Jan. 11, 2024.

In addition, Experian asked Judge Gonzalez for an extension of time to conduct third-party discovery into identical letters by other mortgage entities, including Landstone Equities, LLC, identified in other cases making similar allegations and filed by the same law firm Stein Saks, to understand the relationship between the nearly identical letters and the apparently inauthentic Cornerstone letter. Text Order, Jan. 23, 2024. ECF No. 39 (asking to conduct discovery into how Plaintiff and his counsel came to rely upon [the denial letter] in this <u>and other filed matters</u> . . . .") (emphasis added). In connection with its inquiry, Experian identified at least three additional

entities (Landstone Equities, LLC, Funding Resources Mortgage Corp., and Astar Home Capital, Inc.) and three mortgage loan originators (Amrom Jankovits, Daniel J. Soffer, and Chaim Drezdner) whose names and letterhead are on purported credit denial letters in other matters filed by Plaintiff's counsel against Experian. Those denial letters also appear very similar to the purported Cornerstone denial letter at issue in this case. ECF No. 38. The potentially inauthentic Cornerstone letter addressed to Mr. Mizrahi is similar in language to a purported letter from Landstone Equities, LLC related to another consumer, Benjamin Katz, on whose behalf the same law firm Stein Saks filed another lawsuit against Experian.[2] ECF No. 39, at 2. The Landstone letter, like the Cornerstone letter, also fails to contain the legal requirements for an adverse action letter under the FCRA. *See* ECF No. 38 at 3 (citing 15 U.S.C. § 1681m). Both letters contain grammatical and spelling errors that would not be expected in an official letter. Judge Gonzalez granted Experian's request for an extension of time to complete this third-party discovery and moved the deadline to March 29, 2024. Text Order, Jan. 23, 2024.

Accordingly, on January 15, 2024, Experian prepared a subpoena for testimony (for a remote deposition via Zoom) and document production on Respondent, with a return date and time of January 30, 2024, at 10:00 a.m. (the "Subpoena") (a true and accurate copy the Subpoena is attached hereto as **"Exhibit A"**). Experian served the Subpoena on Respondent on January 17, 2024 (a true and accurate copy of the Proof of Service for the Subpoena is attached hereto as **"Exhibit B"**).

---

[2] For example, the Mizrahi letter asserts that a single $178.40 collection account with Verizon was the sole reason for Cornerstone's denial for a mortgage refinancing, rather than the approximately $10,000 in charged off accounts on his file, because it would cause a high interest rate: "As discussed, at this time, due to the Verizon account that appears , your credit scores has been affected and you would be paying a higher interest rate." *See* ECF No. 38; 38-1. As a comparison, the Katz letter asserts that a single late payment on a Mid-Hudson Valley Federal Credit Union (MHV) account caused a large difference in interest rate: "Due in part to the negative account of 'MHV' being reported, I'm advising you that this has negatively affected your credit and will make an expansive difference on buying the interest rate."

Despite a compliance date of January 30, 2024, Respondent has never provided written responses or objections to the Subpoena, filed any written responses or objections to the Subpoena, or sought any kind of protective order. After service of the Subpoena, Experian, through counsel, made multiple attempts on January 27, 29, and 30, to coordinate with Respondent and/or its representatives regarding the deposition (a true and accurate copy of this correspondence is attached hereto as **"Exhibit C"**). Respondent did not respond to these attempts to reach it. Respondent failed to (i) respond to any of Experian's pre-deposition contacts, (ii) appear for deposition or produce documents in response to the Subpoena (a true and accurate copy of the Certificate of Non-Appearance for the Subpoena is attached hereto as **"Exhibit D"**), (iii) file written responses or objections to the Subpoena, or (iv) move for any kind of protection from the Court in connection with the Subpoena. In other words, Respondent completely failed to comply with the Subpoena in all respects. And importantly, Respondent's lack of compliance is preventing Experian from adequately conducting relevant "discovery into potentially sanctionable conduct." Text Order, Jan. 11, 2024.

After Respondent failed to appear for its deposition, someone by the name of "Isaac Stern" contacted counsel for Experian regarding the Subpoena in the afternoon of January 29, 2024. Counsel for Experian returned his call on the morning of January 30, 2024. During that call, Mr. Stern represented to Experian that he "represented" Respondent and sought information about the case. After the call, Experian asked Mr. Stern to confirm by email that he was actually a licensed attorney authorized to represent Respondent in connection with the Subpoena, but never received a response (a true and accurate copy of this correspondence between counsel for Experian and Mr. Stern is attached hereto as **"Exhibit E"**). Upon additional research, Mr. Stern does not appear to even be licensed to practice law in the State of New York. He represents himself to be the

"founder" of "Speedy Legal," and a "collaborat[or]" with Leveson Law Group. *See* Isaac Stern, Founding Director, *available at* nyhope.org/our-team (last visited Jan. 31, 2024). Moreover, Mr. Stern's "Speedy Legal" company specifically disclaims on its website: "Disclaimer: We are not Attorneys. Speedy Legal Document Assistance is not a law firm. We cannot represent you in Court, advise you about your legal rights or the law." *See* Speedy-Legal.com/index.html (last visited Jan. 31, 2024).

## ARGUMENT

**A.     The Subpoena Is Proper and Seeks Relevant Information.**

Federal Rule of Civil Procedure 45 sets forth the process for a party to obtain information from non-parties via subpoenas. This rule provides that a party may subpoena documents, electronically stored information, or tangible things in a non-party's possession, as well as require a non-party to attend and testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii).[3] "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-cv-2893 (GRB) (JMW), 2023 WL 1967575, at *4 (E.D.N.Y. Feb. 10, 2023). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Therefore, "[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Dinesh Verma Med.*, 2023 WL 1967575, at *4. In addition, Rule 45(b)(2) allows a party to serve subpoenas "at any place within the United States."

---

[3] Rule 45 also sets forth the authority for a party, such as Experian, to seek an order of compliance from a non-party. Rule 45(d)(2)(B)(i) states: "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

As shown by the Proof of Service filed with this motion, Experian personally served Respondent with the Subpoena on January 17, 2024. *See* Ex. B. The testimony and documents sought from Respondent in the Subpoena are directly relevant to the allegations in this case and, in particular, Experian's ongoing "discovery into potentially sanctionable conduct," which this Court has expressly authorized. Text Order, Jan. 11, 2024. The Subpoena goes directly to the provenance and authenticity of the purported Cornerstone denial letter, which serves as the basis for Plaintiff's damages claims against Experian, as well as Plaintiff's and his counsel's reliance upon it in this and other matters. Accordingly, Experian's Subpoena seeks documents that are directly relevant and material to this case. *See Dinesh Verma Med.*, 2023 WL 1967575, at *4.

**B.     Respondent Has Waived the Right to Object to the Subpoena.**

Under the rules of procedure, objections to a subpoena must be served before the earlier of the time specified for compliance or fourteen days after the subpoena is served. *See* Fed. R. Civ. P. 45(d)(2)(B). Here, despite the Subpoena being properly served on Respondent on January 17, 2024, Respondent nonetheless failed to serve any objections prior to the time for compliance. *See* Ex. C. Courts in this Circuit are clear: "A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (citing *UBS Int'l Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.*, No. 09-CV-4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *see also Labarbera v. Absolute Trucking, Inc.*, No. 08-CV-4581 (DRH) (AKT), 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) (stating "[i]t is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Quartey v. Schiavone Constr. Co.*, 11-CV-2037 (DLI) (CLP), 2013 WL 458064, at *3 (E.D.N.Y. Feb. 6, 2013) (recognizing "[a] failure to respond or object to a discovery request in

a timely manner waives any objection which may have been available."); *Chowdhury v. Hamza Express Food Corp.*, No. 14-CV-150 (JBW), 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) (holding "[b]y failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections.").

Under these authorities, Respondent has waived any objections to the Subpoena.

**C.     The Court Should Compel Immediate Compliance by Respondent.**

The Court should compel Respondent to immediately appear for deposition and produce the documents requested under the properly issued and served Subpoena. When a non-party who is properly served with a subpoena fails to appear without adequate excuse and without seeking to quash the subpoena, the Court may enter an order compelling the non-party to appear. "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili v. Hobart Corp.*, No. 2005-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment); *see also Dinesh Verma Med.*, 2023 WL 1967575, at *5 (ordering non-parties to appear for a deposition and produce at that deposition the documents identified in the subpoena); *Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) (enforcing valid non-party subpoena where party seeking enforcement made multiple attempts to secure compliance and non-party did not proffer reasons to excuse non-compliance).

Since the Subpoena seeks relevant information and Respondent has waived any objections, the Court should compel Respondent to immediately comply with Experian's properly-issued Subpoena by appearing for deposition and producing the documents requested.

Respectfully submitted this 8th day of February, 2024.

<u>/s/ *Michael T. Paslavsky*</u>
Michael T. Paslavsky
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3786
Email: mpaslavsky@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 8, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court. I further certify on February 9, 2024, I will serve a copy of the foregoing document on the following individuals via electronic mail and United States Mail, Postage Prepaid:

Landstone Equities, LLC
4502 17th Ave.
Brooklyn, NY 11204
Email: leah@landstonecapitalgroup.com

*/s/ Michael T. Paslavsky*
Michael T. Paslavsky
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3786
Email: mpaslavsky@jonesday.com
*Counsel for Defendant*
*Experian Information Solutions, Inc.*