# Exhibit A

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Adam Mizrahi <br> *Plaintiff* <br> v. <br> Equifax Information Services, LLC et al. <br> *Defendant* | Civil Action No. 2:23-cv-04570-HG |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Landstone Equities, LLC, 4502 17th Ave., Brooklyn, NY 11204

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Remotely via Zoom. Join Zoom link provided in the attached Notice of Deposition | Date and Time: 01/30/2024 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and by video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Schedule A, attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/15/2024

CLERK OF COURT

OR

_____  /s/ Michael Paslavsky
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Experian Information Solutions, Inc. , who issues or requests this subpoena, are:
Michael T. Paslavsky, 250 Vesey St, New York, NY 10281, mpaslavsky@jonesday.com, 212-326-3786

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-04570-HG

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM MIZRAHI, </br></br>    Plaintiff, </br></br>v. </br></br>EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC; VERIZON WIRELESS SERVICES, LLC, </br>    Defendants. | CASE NO. 2:23-cv-04570-HG </br></br> Notice of Deposition |

## NOTICE OF THIRD-PARTY SUBPOENA TO TESTIFY

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Experian Information Solutions, Inc. ("Experian"), by and through its counsel, hereby provides notice that it will take the testimony by deposition upon oral examination of third-party Landstone Equities, LLC in the above-captioned matter. The deposition will take place before a qualified court reporter at **10:00 a.m. ET January 30, 2024,** through remote videoconference using the Zoom platform provided by Esquire Deposition Solutions. The deposition will concern the topics identified in the document requests in Schedule A. The deposition will be conducted orally, under oath, recorded by video and stenographic means, and used for all purposes authorized by the law. You must participate using a device with a camera. You may access the deposition using the following link:

**Access to Zoom Platform**
https://esquiresolutions.zoom.us/j/96360259200?pwd=ckZEdjhwM0Z1cWhEV2JkdmVaVXJpQT09
Meeting ID: 96360259200
Passcode: 10784451

**Access by Phone**
Dial-In: (346) 248-7799 or (669) 900-6833 US Toll
Meeting ID: 96360259200

If you need assistance, please contact Esquire Deposition Solutions at (800) 211-3376.

-2-

Dated: January 15, 2024                      JONES DAY

                                                 <u>/s/ Michael T. Paslavsky</u>
                                                 Michael T. Paslavsky
                                                 JONES DAY
                                                 250 Vesey Street
                                                 New York, New York 10281
                                                 Telephone: (212) 326-3786
                                                 Email: mpaslavsky@jonesday.com

                                                 *Counsel for Defendant*
                                                 *Experian Information Solutions, Inc.*

# **SCHEDULE A**

# **DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to Experian's requests:

1. "Document" or "Record" is used in the broadest sense contemplated by the Federal Rules of Civil Procedure, and includes, but is not limited to, the following items: agreements; drafts; Communications; correspondence; e-mails; logs; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. "Complaint" refers to the Complaint filed by Plaintiff Adam Mizrahi in the above-captioned action.

4. "Experian" refers to Defendant, Experian Information Solutions, Inc., an Ohio

corporation with its principal place of business located in Costa Mesa, California.

5. "Landstone Equities" means the entity Landstone Equities, LLC, headquartered in Brooklyn, New York, including all parents, subsidiaries, or other affiliated entities.

6. "Amrom Jankovits" refers to Amrom Jankovits, a loan originator employed at Landstone Equities.

7. "Adam Mizrahi" or "Plaintiff" refers to Adam Mizrahi, and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

8. "Benjamin Katz" refers to Benjamin Katz, and any agents, representatives, or other persons acting, or who have acted, on Benjamin Katz's behalf.

9. The use of the words "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

10. The use of the word "including" shall be construed to mean "without limitation."

11. The use of the word "regarding" or "related to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

12. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

## DOCUMENTS TO BE PRODUCED

1. Documents related to any mortgage, refinancing, loan or other type of credit related to Adam Mizrahi or Benjamin Katz that Landstone Equities has originated, refinanced, processed an application for, or managed on behalf of Adam Mizrahi or Benjamin Katz.

2. Denial letters or adverse action letters related to a mortgage, refinancing, loan, or other credit for Adam Mizrahi or Benjamin Katz.

3. Any mortgage, refinancing, loan, or other credit applications associated with Adam

Mizrahi or Benjamin Katz.

4. Any credit reports or consumer reports related to Adam Mizrahi or Benjamin Katz.

5. Documents reflecting any mortgage that Adam Mizrahi or Benjamin Katz sought to refinance with Landstone Equities.

6. Credit inquiries made by Landstone Equities to Experian Information Solutions, Inc. related to Adam Mizrahi or Benjamin Katz.

7. Business logs or records for any account, mortgage, loan, or other credit that Adam Mizrahi or Benjamin Katz has or had with Landstone Equities.

8. Documents related to any forms of compensation received by Landstone Equities related to Adam Mizrahi or Benjamin Katz.

9. Communications and Documents reflecting any Communications between Landstone Equities, or its employees, agents, or representatives, and Adam Mizrahi or Benjamin Katz.

10. Communications and Documents reflecting any Communications between Amrom Jankovits and Adam Mizrahi or Benjamin Katz.

11. Communications and Documents reflecting any Communications between Landstone Equities, or its employees, agents, or representatives, and Stein Saks, PLLC or any attorneys employed by Stein Saks.

12. Communications and Documents reflecting any Communications between Landstone Equities, or its employees, agents, or representatives, and Tamir Saland.

13. Communications and Documents reflecting any Communications between Landstone Equities, or its employees, agents, or representatives, and Yaakov Saks.

14. Communications and Documents reflecting any Communications between

Landstone Equities, or its employees, agents, or representatives, and Adam J. Fishbein or any attorneys employed Adam J. Fishbein, P.C.

15. Communications and Documents reflecting any Communications between Landstone Equities, or its employees, agents, or representatives, and Adam Mizrahi.

16. Communications and Documents reflecting any Communications between Landstone Equities, or its employees, agents, or representatives, and Benjamin Katz.

17. Policies and procedures for how a consumer is evaluated for a mortgage, refinancing, loan, or other credit by Landstone Equities, including what credit information is checked, what entity pulls the consumer's credit, and from what consumer reporting agency that information is drawn.

18. Policies and procedures for how Landstone Equities stores and retains documents related to applications for a mortgage, refinancing, loan, or other credit.

19. Policies and procedures for how Landstone Equities informs a consumer of any denial or adverse action for a mortgage, refinancing, loan, or other credit.