```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADAM MIZRAHI,

                            Plaintiff,           OPINION AND
                                                 ORDER
             v.
                                                 23-CV-4570
EQUIFAX INFORMATION SERVICES, LLC;               (Merle, J.)
EXPERIAN INFORMATION SOLUTIONS, INC.;            (Marutollo, M.J.)
VERIZON WIRELESS SERVICES, LLC,

                            Defendants.

------------------------------------------------------------------X
```

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiff Adam Mizrahi commenced this action against Equifax Information Services, LLC ("Equifax")[1]; Experian Information Solutions, Inc. ("Experian"); and Verizon Wireless Services, LLC ("Verizon"),[2] alleging violations of the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681, et seq. *See* Dkt. No. 1 ¶¶ 52-85. Before the Court now are: (1) Experian's motion to compel compliance with a non-party subpoena issued to Landstone Equites, LLC ("Landstone") (Dkt. No. 45); (2) Experian's motion to compel compliance with a non-party subpoena issued to Amrom Jankovits ("Jankovits") (Dkt. No. 46); and (3) Plaintiff's motion for an expedited settlement conference (Dkt. No. 47).

For the reasons set forth below, the Court grants Experian's motions to compel and grants in part and denies in part Plaintiff's motion for an expedited settlement conference.

---

[1] Plaintiff and Equifax filed a notice of settlement in principle on January 2, 2024. *See* Dkt. No. 35. The Court ordered the parties to file either a stipulation of voluntary dismissal that complies with Fed. R. Civ. P. 41 or a letter updating the Court regarding their efforts to finalize their settlement by February 16, 2024. *See* Jan. 4, 2024 Order. The parties have not complied with this Order.

[2] Verizon was subsequently dismissed from the case pursuant to a voluntary stipulation of dismissal. *See* Dkt. No. 20; *see also* Sept. 6, 2023 Dkt. Order.

## Background

The gravamen of Plaintiff's complaint is that Experian violated the FCRA by inaccurately reporting an account that he had with Verizon as "in collection," which purportedly caused non-party Cornerstone First Mortgage ("Cornerstone") to deny his application to refinance his mortgage. *See* Dkt. No. 1. Experian disputes the substance of these allegations and maintains that it performed a reasonable investigation into the status of the Verizon account as required under the FCRA. *See* Dkt. No. 38, at 1-2.

Relevant here is Experian's claim that this lawsuit is grounded upon potentially false evidence – namely, a May 17, 2023 letter to Plaintiff from Cornerstone stating that "due to the Verizon account that appears, your credit scores has (sic) been affected and you would be paying a higher interest rate," and "[b]ased on your current scores, it would not make sense for you to refinance your mortgage" ("Cornerstone Letter"). *See* Dkt. No. 1 ¶¶ 43-44. The Cornerstone Letter purports to have been signed by "Carol Franz," a "licensed mortgage banker" under the National Mortgage Licensing System (NMLS). *See* Dkt. No. 38, at 2. Experian disputes the validity of the Cornerstone Letter and sought permission to conduct discovery into its "provenance and authenticity." *See* Dkt. No. 39, at 1. The Court granted Experian's request and denied Plaintiff's motion seeking to voluntarily dismiss the case under Fed. R. Civ. P. 41(a)(2) because "dismissal would unduly prejudice Experian because ending the action at this juncture would prevent it from taking discovery into potentially sanctionable conduct." *See* Jan. 11, 2024 Dkt. Order (citing *Nix v. Off. of the Comm'r of Baseball*, No. 17-cv-1241, 2017 WL 2889503, at *2 (S.D.N.Y. July 6, 2017)).

Experian also sought an extension of time to conduct third-party discovery into identical letters purportedly issued by other mortgage entities that were produced in other FCRA cases filed

by Plaintiff's counsel, Stein Saks, PLLC.  *See* Dkt. No. 39.  One of these letters was purportedly signed by Jankovits and issued by Landstone to another consumer, Benjamin Katz, on whose behalf Stein Saks filed another lawsuit against Experian.  *See* Dkt. No. 45, at 2-3.  The Court granted Experian's motion and ordered the parties to complete discovery by March 29, 2024.  *See* Jan. 23, 2024 Dkt. Order.

On January 12, 2024 and January 17, 2024, Experian served subpoenas for testimony and document production on Jankovits and Landstone, respectively (the "Subpoenas").  *See* Dkt. No. 45-3; Dkt. No. 46-3.  Neither Jankovits nor Landstone appeared for their depositions or submitted written responses or objections to the Subpoenas.  *See* Dkt. No. 45-3, at 4; Dkt. No. 46-3, at 4.  Experian now seeks an order compelling compliance with the Subpoenas.  *See* Dkt. Nos. 45, 46.  Plaintiff opposes both motions, arguing that the Subpoenas are neither relevant nor proportional to the needs of the case.  *See* Dkt. No. 48.  Plaintiff also seeks a settlement conference, to be scheduled "in the immediate future given the volume of subpoenas Experian has served and continues to serve unabated."  Dkt. No. 47.  Experian opposes Plaintiff's motion, arguing that a settlement conference would not be productive until it completes third-party discovery.  *See* Dkt. No. 47.

## Discussion

### I.     Experian's Motions to Compel

Fed. R. Civ. P. 45 sets forth the process for a party to obtain information from non-parties via subpoenas.  "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court."  *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991).  "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served."  *Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG),

3

2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Id.* (citing Fed. R. Civ. P. 45(e), which is now Fed. R. Civ. P. 45(g) as of the 2013 amendment). "Therefore, a non-party who knowingly fails to comply with a duly issued and served subpoena for that individual's deposition and who provides no justification for his or her failure to appear may be found in contempt." *Jalayer v. Stigliano*, No. 10-CV-2285 (LDH) (AKT), 2016 WL 5477600, at *2 (E.D.N.Y. Sept. 29, 2016); *see Freund*, 2009 WL 4065585, at *1.

A non-party subpoena is valid if it is signed by an attorney and issued by federal court where the action is pending. *See* Fed. R. Civ. P. 45(a)(2), 45(a)(3)). In addition, "[a] subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-CV-2893 (GRB) (JMW), 2023 WL 1967575, at *4 (E.D.N.Y. Feb. 10, 2023). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Id*. (citation omitted). In addition, Fed. R. Civ. P. 45(b)(2) allows a party to serve a non-party subpoena "at any place within the United States." *Id.* (citation omitted).

The Subpoenas seek testimony as well as the production of the following general categories of documents:

1. Documents and communications related to any mortgage, refinancing, loan or other type of credit related to Adam Mizrahi or Benjamin Katz that Landstone has originated, refinanced, processed an application for, or managed on behalf of Adam Mizrahi or Benjamin Katz.

2. Credit inquiries made by Landstone or Jankovits to Experian related to Adam Mizrahi or Benjamin Katz

3. Communications and documents reflecting communications between Landstone and Stein Saks

4

    4.  Policies and procedures for how Landstone evaluates a consumer for a mortgage, refinancing, loan, or other credit; how Landstone stores and retains such documents; and how Landstone informs consumers of a denial or adverse action for a mortgage, refinancing, loan, or other credit.

*See* Dkt. No. 45-2; Dkt. No. 46-2.

Experian argues that the non-party discovery is relevant to the allegations in this case and, in particular, Experian's ongoing "discovery into potentially sanctionable conduct," which the Court expressly authorized. *See* Dkt. No. 45, at 5-6; Dkt. No. 46, at 5-6. Experian explains that the Subpoenas directly relate to the provenance and authenticity of the purported Cornerstone Letter, which serves as the basis for Plaintiff's damages claims against Experian, as well as Plaintiff's and his counsel's reliance upon it in this and other matters. *See* Dkt. No. 45, at 6; Dkt. No. 46, at 6. Experian states that Landstone and Jankovits have failed to comply with the Subpoenas despite multiple good faith attempts to secure compliance, including letters sent to both non-parties after they failed to comply. Dkt. No. 45, at 7-8; Dkt. No. 46, at 7-8.

As an initial matter, this Court finds that the Subpoenas are valid insofar as they were issued from this Court and were signed by Experian's counsel. *See* Fed. R. Civ. P. 45(a)(2)-(3); *see also* Dkt. No. 45-2; Dkt. No. 46-2. The Subpoenas were also properly served on Jankovits and Landstone. *See Cartier v. Geneve Collections, Inc.*, No. 07-CV-201 (DLI) (MDG), 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) ("This Court agrees with the reasoning of a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service."); *see also* Dkt. No. 45-3 (service on receptionist at Landstone's place of business); Dkt. No. 46-3 (personal service on Jankovits). Neither non-party appeared for their depositions or submitted responses or objections to the Subpoenas despite proper service and several attempts by Experian to secure compliance. *See* Dkt. No. 45-3, at 4; Dkt. No. 46-3, at 4.

5

The Court also finds that the discovery sought appears to be relevant to the claims asserted in this litigation, including Experian's defense to Plaintiff's damages claim and related claims about "potentially sanctionable conduct" by Plaintiff and his counsel, and they are appropriately limited to documents related to Plaintiff, Katz, and Stein Saks. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, (1978) (relevance under Rule 26(b)(1) is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"); *see also Gov't Emps. Ins. Co. v. Davy*, No. 22-CV-06158 (HG), 2024 U.S. Dist. LEXIS 3019, at *13 (E.D.N.Y. Jan. 5, 2024) (holding that subpoenas issued to various organizations seeking documents related to the defendants, "their respective corporations, and the law firms that they allegedly retained" were relevant and proportional to the needs of a fraud case). Landstone and Jankovits's failure to assert any objections or to move to quash the Subpoenas means that they have "fail[ed] to offer an adequate excuse for their non-compliance." *Dinesh Verma Med.*, 2023 WL 1967575, at *5 (ordering non-parties to appear for a deposition and produce at that deposition the documents identified in the subpoena). Enforcement of the Subpoenas is therefore warranted. *See id.*, *Jalayer*, 2016 WL 5477600, at *4 (enforcing valid non-party subpoena where party seeking enforcement made multiple attempts to secure compliance and non-party did not proffer reasons to excuse non-compliance); *Freund*, 2009 WL 4065585, at *1 (same).

Accordingly, Landstone and Jankovits are hereby directed to contact any of the counsel of record for Experian on or before March 8, 2024, to arrange a mutually convenient time and date for their depositions and are further ordered to produce at or before their depositions the documents identified in the Subpoenas. The depositions shall be conducted on or before March 29, 2024 – the deadline for fact discovery set forth in the Court's January 23, Order.

6

Landstone and Jankovits are cautioned that if they fail to adhere to this Order, they may be subject to sanctions for failure to comply with the Subpoenas and a Court Order. Plaintiffs are directed to serve a copy of this Order on Landstone and Jankovits at their last known addresses and to file proof of service on ECF by March 8, 2024.

**II.     Plaintiff's Motion for an Expedited Settlement Conference**

In light of Experian's belief that settlement discussions would not be productive or fruitful until third-party discovery is completed, the Court declines to schedule a settlement conference in advance of the March 29, 2024 discovery deadline. The parties shall submit a joint letter, by March 11, 2024, proposing three dates in April 2024 in which they are available to appear in person with their counsel for a settlement conference.

## Conclusion

For the reasons set forth above, the Court grants Experian's motion to compel compliance with a non-party subpoena issued to Landstone (Dkt. No. 45) and Experian's motion to compel compliance with a non-party subpoena issued to Jankovits (Dkt. No. 46). The Court grants in part and denies in part Plaintiff's motion for an expedited settlement conference (Dkt. No. 47). The parties are directed to file a joint letter, by March 11, 2024, proposing three dates in April 2024 in which they are available to appear in person with their counsel for a settlement conference.

SO ORDERED.

Dated:     Brooklyn, New York
           March 4, 2024

                                                         */s/ Joseph A. Marutollo*
                                                         JOSEPH A. MARUTOLLO
                                                         United States Magistrate Judge